# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-50916
Summary Calendar

DANIEL ROCHA, Deceased, By Daniela Rocha, Mother and Representative
of Estate; DANIELA ROCHA, Mother and Representative of Estate;
GERARDO ROCHA, Father

Plaintiffs-Appellees

v.

JULIE SCHROEDER, In her official and individual capacity

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-67

Before JONES, Chief Judge, and PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniela and Gerardo Rocha filed this 42 U.S.C. § 1983 action against Officer Julie Schroeder, inter alia, alleging that she used excessive force when she fatally shot their son, Daniel Rocha. Schroeder moved for summary judgment based on qualified immunity. The district court denied her motion, and she appeals. We DISMISS for lack of appellate jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The reason for dismissal, however, needs to be explained in the event that the district court misperceived the relationship between qualified immunity in this lethal force case and the underlying constitutional violation.

Whether Officer Schroeder used lethal force unconstitutionally is governed by the balancing test established in Tenn. v. Garner, 471 U.S. 1, 8 (1985) and frequently explained by this court. See, e.g., Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996); Bazan ex rel. Bazan v. Hidalgo County, 246 F.3d 481 (5th Cir. 2001); Hudspeth v. Shreveport, No. 07-30260, 2008 WL 749547 (5th Cir. Mar. 19, 2008) (unpublished but containing valuable application of principles in a lethal force § 1983 case). The essence of this test is the objective reasonableness of the officer's use of force in the face of a threat to herself or others.

The district court may, however, have overlooked the Supreme Court's holding that, "The inquiries for qualified immunity and excessive force remain distinct, even after Graham [v. Conner, 490 U.S. 386 (1989)]." Saucier v. Katz, 533 U.S. 194, 204 (2001). Thus, the relevant immunity issue is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. Further, the purpose of immunity is to protect "all but the plainly incompetent or those who knowingly violate the law," Id. (citations omitted). Thus, in any § 1983 case alleging a police officer's use of excessive or lethal force, the objective reasonableness of the force used is a separate question from the immunity question whether no reasonable officer could have believed that she was not using excessive force. See Colston v. Barnhart, 130 F.3d 96, 99 (5th Cir. 1997).

The district court gave short shrift to analysis of the evidence that, viewed in the light most favorable to the plaintiff, demonstrates that Rocha attacked two police officers and was on top of one when Officer Schroeder shot him. The court apparently believed that a material fact issue of "excessiveness" could be

created solely by alleged inconsistencies in Officer Schroeder's statements about her motivation. The court states: "A reasonable trier of fact might believe she shot Rocha because he was trying to obtain her gun, or because she thought he had her taser, or disbelieve both accounts." This court must review the materiality, though not the genuineness, of fact issues pertinent to immunity cases. See Johnson v. Jones, 515 U.S. 304, 313 (1995). Standing alone, the officer's subjective statements, even if conflicting, are not sufficient to create a material issue concerning the <u>objective</u> reasonableness of her conduct <u>for immunity purposes</u>. The issue is not simply what she perceived Rocha to be doing but, critically, whether a "reasonable" police officer confronted with the same circumstances would have shot him. In many cases, a defendant's violent attack on police officers results in the grant of qualified immunity. See, e.g. Colston, 130 F.3d at 99; Bazan, 246 F.3d at 481; Hudspeth, 2008 WL 749547. The situation here is distinguishable, however, because (a) Officer Schroeder was disciplined and ultimately terminated by the police force over this incident; (b) Officer Doyle, who was being attacked when Schroeder shot Rocha, expressed doubt over the use of lethal force; and (c) despite the need for split-second decisionmaking, it is possible a "reasonable" officer would have known that a taser shot would not be lethal to Officer Doyle and could have noticed that Rocha actually had no weapon in his hands. Because these facts and the related evidence materially bear on the immunity question and must be deliberated by a jury, we lack jurisdiction to consider this appeal.

DISMISSED.