# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50970

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2019

Lyle W. Cayce
Clerk

CITY OF HEARNE, TEXAS

> Plaintiff

v.

MILTON JOHNSON,

> Defendant-Cross Claimant - Appellee

v.

BRYAN F. RUSS, JR.,

> Cross Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

This is an appeal from the denial of qualified immunity to a city attorney in a Section 1983 suit. We conclude the plaintiff does not have standing to pursue the claim in federal court. We therefore VACATE and DISMISS.

## FACTUAL AND PROCEDURAL BACKGROUND

Organizers in Hearne, Texas circulated an initiative petition to force a forensic audit of the city's finances. Under the City's charter, a petition, after being signed by a required number of voters, is submitted to the City. At that point, a designated City administrator has fifteen days to transmit the petition

No. 17-50970

to the city council.  Within ten days of receiving the petition, the city council may adopt the measure the petition demands or send it to an election.  Milton Johnson, an organizer of the petition here, submitted the petition to the City's clerk in March 2016.  Johnson alleges the City's policy was to have the clerk forward petitions to the county elections administrator for verification of the required signatures.  Here, though, he claims the city attorney Bryan Russ obtained the signature pages to prevent their delivery to the county elections administrator in an effort to keep the initiative from appearing on a ballot.

While Russ was allegedly preventing the signatures' certification and before any of them were certified, the city council considered Johnson's petition and voted to challenge its validity.  That challenge came in the form of a lawsuit against Johnson in Texas state court on grounds having nothing to do with the signature requirement.  By the end of April 2016, all of the signatures were delivered for certification.

Along with his answer to the City's suit, Johnson filed a third-party complaint against Russ and his law firm under 42 U.S.C. § 1983.  Russ removed the suit to federal court in July 2016, relying on the right to remove when federal and state law claims are joined.  *See* 28 U.S.C. § 1441(c).  The City and Johnson subsequently settled their dispute.  Johnson's claims against the law firm were dismissed for failure to state a claim.  *See* FED. R. CIV. P. 12(b)(6).  The only surviving dispute is Johnson's Section 1983 claim against Russ.  Russ moved for summary judgment based on qualified immunity, but the motion was denied.  He appealed.

## DISCUSSION

Johnson alleges that Russ violated his "First Amendment right to petition for redress of grievances as well as his Fourteenth Amendment right to equal protection."  We decline to reach the merits of Russ's qualified

2

No. 17-50970

immunity defense to these arguments because Johnson lacks standing to assert either.[1]

Neither party has questioned our jurisdiction over this appeal, but "we must raise the issue of jurisdiction on our own motion if necessary." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550 (5th Cir. 2008). This includes a *sua sponte* examination of the district court's jurisdiction. *See United States v. Creamer Indus. Inc.*, 349 F.2d 625, 626 (5th Cir. 1965). Johnson as the party asserting federal jurisdiction must show it exists, an obligation that applies even when we *sua sponte* raise the question in the review of a summary judgment determination. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332–33 (5th Cir. 2002).

It is true that Johnson involuntarily arrived in the federal court because the defendant Russ removed the case from state court. Once in federal court, though, Johnson sought the court's resolution of Section 1983 claims against Russ. In order to have the court resolve those claims, it is Johnson's burden to demonstrate we have jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 339, 342 n.3 (2006).

The jurisdictional question is whether Johnson has standing. He "must show: (1) [he] has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to [Russ's] conduct; and (3) a favorable judgment is likely to redress the injury." *Houston Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007).

---

[1] On appeal, Johnson also asserts a First Amendment retaliation claim and argues Russ's actions would chill behavior protected by the First Amendment. He did not present these arguments in his amended complaint, and he only made passing reference to retaliation in opposition to Russ's motion for summary judgment. Plaintiffs waive an argument when "they fail[] to argue or brief it to the district court" and instead only make general reference to it. *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 185 (5th Cir. 2018). Johnson has waived these arguments.

No. 17-50970

Mere allegations are insufficient to defeat a motion for summary judgment. Instead, through an affidavit or other evidence, the opponent of the motion must offer "specific facts" that "will be taken to be true." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).   In our ana;ysis of standing, we grant Johnson "all reasonable factual inferences" in deciding whether any "genuine issue of material fact exists." *Barrett Comput. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 219 (5th Cir. 1989).

We separately examine standing for Johnson's two current claims.

### I.   First Amendment claim

The First Amendment prohibits Congress from "mak[ing a] law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."   U.S. CONST. amend. I.   The requirements of the First Amendment generally apply to the states through the Fourteenth Amendment. *Meyer v. Grant*, 486 U.S. 414, 420 (1988).  States are not required to grant their citizens a right to seek reform through popular initiatives, but if they do so, they must comply with the First Amendment's protection of freedom of expression.   *John Doe 1 v. Reed*, 561 U.S. 186, 195 (2010).   The First Amendment does not mandate a result once such petitions are received.  *See Minnesota State Bd. For Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984). Johnson claims Russ violated his right to petition because he "tried to keep the initiative off the ballot by keeping the city council from knowing the number of eligible signatures on the petition."   Under the City's charter, the signature requirement is a preliminary step to the city council's review of a petition. Once the city council reviews a petition, it can decide to send it to a ballot or unilaterally approve the proposed measure.

The sort of harm Johnson alleges is a "procedural injury."   "[T]he claimed injury arises from an alleged failure on the part of the injury-causing

party to adhere to a prescribed process in adjudicating the petitioner's substantive rights, rather than from the substantive decision itself." *Spectrum Five LLC v. FCC*, 758 F.3d 254, 264 n.10 (D.C. Cir. 2014). These injuries occur when a defendant "fails to follow a . . . procedure, . . . and this failure increases the risk of future harm." Christopher T. Burt, *Procedural Injury Standing after Lujan v. Defenders of Wildlife*, 62 U. CHI. L. REV. 275, 276 (1995). This squares with Johnson's claims because Russ's alleged misdeeds do not intrinsically injure Johnson. They only injure him to the extent they affect his ability to place the petition before the city council and ultimately place the issue on a ballot.

It is not enough to create standing to claim that the process for handling Johnson's petition was not followed. A "deprivation of a procedural right without some concrete interest that is affected by the deprivation — a procedural right *in vacuo* — is insufficient to create Article III standing." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Johnson stipulated in district court that the city council considered the petition and voted to challenge it in a Texas state court only seven days after he submitted it. Further, the City's challenge to the petition was unrelated to the signature requirement. Johnson attempts to make a fact dispute out of whether the City's challenge was related to the signature requirement. The record, however, contains the complaint filed in Texas state court. There is no factual doubt that the City's challenge to the petition's validity was on grounds unrelated to the signature requirement. Johnson also stipulated all of the signatures were submitted in a timeframe sufficient to place the petition on a ballot before federal jurisdiction was invoked. *See* TEX. ELEC. CODE ANN. §§ 3.005(c), 41.001(a) (detailing statutory deadlines for placing issues on a ballot).

Thus, even if Russ failed to follow some required procedure regarding the petition signatures, his alleged actions were not an injury "connected to [a]

No. 17-50970

substantive result." *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007) (quoting *Sugar Cane Growers Coop. of Fla. v. Veneman*, 289 F.3d 89, 94–95 (D.C. Cir. 2002)). Because Johnson's claimed procedural injury does not impact any concrete interest, he lacks standing to claim that Russ violated his First Amendment right to petition.

### II.    Equal Protection claim

Johnson's equal protection claim relies on a theory sometimes referred to as a "class-of-one" claim. He argues Russ intentionally singled him out for treatment "different[] from others similarly situated" with "no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Although Russ's alleged treatment of the signatures is a procedural injury in the context of the First Amendment right to petition, it might also be an equal protection injury. A constitutional violation can occur simply with "the denial of equal treatment resulting from the imposition of [a] barrier [to a benefit], not the ultimate inability to obtain the benefit." *Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). That is, an equal protection injury occurs in "the inability to compete on an equal footing in the . . . process," regardless of whether there was any loss of a substantive benefit. *Id.*

Here, Russ's alleged actions did not create any barrier for Johnson. Again, the city council considered the petition and acted on it seven days after Johnson submitted it and before any of the signatures were certified. By the time Johnson's claims arrived at the district court, the City had processed the petition as completely as it could have within the necessary timeframes. Johnson did not encounter any barrier erected by Russ in the processing of the petition, and he does not have standing to bring his equal protection claim.

\* \* \*

6

No. 17-50970

In deciding the proper order to conclude our review, we are guided by the fact that even though this case was removed from state court, the only claims are under Section 1983 for violations of the United States Constitution.  In a similar combination of a suit removed from state court that pursued only federal claims for which the plaintiff had no standing, we affirmed dismissal of the action and did not consider a remand to state court.  *Williams v. Parker*, 843 F.3d 617, 623 (5th Cir. 2016).  Nothing in the current case suggests a different order.

The district court's decision is VACATED and the case is DISMISSED.

No. 17-50970

JAMES L. DENNIS, Circuit Judge, dissenting:

Plaintiff Milton Johnson challenges the City of Hearne's response to a petition he submitted seeking to place on the ballot an initiative requiring the City to conduct a forensic audit of its finances. Johnson alleges that the City's mishandling of his petition, on which he and others had secured 517 signatures, violated his First Amendment right to petition the government for the redress of grievances.[1] Instead of deciding whether the alleged mishandling violates the Constitution, the majority incorrectly determines that Johnson lacks a sufficiently concrete injury-in-fact to pursue his claims of constitutional violation. Because I disagree with this conclusion and instead believe Johnson has demonstrated an injury-in-fact, I respectfully dissent.

To reach this result, the majority relies on the proposition that Johnson asserts merely a "procedural injury" claiming violation of "a procedural right *in vacuo*," and for that reason his injury is insufficiently concrete to confer standing under the Supreme Court's decision in *Summers v. Earth Island Institute*, 555 U.S. 488 (2009). Because Johnson's contention that Russ mishandled his initiative petition was not, according to the majority, "connected to a substantive result," his "procedural injury does not impact any concrete interest." Respectfully, the majority's use of the "procedural injury" concept here is mistaken. The Supreme Court in *Spokeo, Inc. v. Robins*

---

[1] Although it appears unfair that Johnson should be required to demonstrate standing to a degree that would survive summary judgment when he was never put on notice that he would be required to make such a showing because no one moved for summary judgment on the basis of lack of standing below, *see Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 334–39 (5th Cir. 2002) (Benavides, J., specially concurring), Johnson meets even this heightened requirement. Johnson points to evidence demonstrating that Russ submitted certain signature pages to the county election administrator belatedly and did not inform the City Council of a letter from the administrator stating that the petition had insufficient signatures.

8

explained that "a bare procedural violation, divorced from any concrete harm, [could not] satisfy the injury-in-fact requirement of Article III" because "Article III requires a concrete injury even in the context of a statutory violation." 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016).  The key word in this Supreme Court opinion for Johnson's constitutional claim is "*statutory*."  *Id.* (emphasis added).  The Supreme Court's precedent makes clear that the "procedural injury" concept was meant for application only to statutory rights created by Congress, not rights conferred by the Constitution itself, such as Johnson's First Amendment claim.  *See id.* ("*Congress*' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a *statute* grants a person a statutory right and purports to authorize that person to sue to vindicate that right." (emphasis added)); *Summers*, 555 U.S. at 497 (noting that conferral of a procedural right by *Congress* does not lower the threshold requirement for demonstrating an injury-in-fact); *Massachusetts v. E.P.A.*, 549 U.S. 497, 517–18 (2007) (explaining that the right to sue for a procedural injury is vested in "a litigant to whom Congress has accorded a procedural right to protect his concrete interests" (internal quotation marks omitted)).

Although couched in the language and case law of standing, the majority's "procedural injury" analysis is, in reality, a veiled determination that Johnson's claims lack merit.  As the majority states, "Russ's alleged misdeeds . . . . only injure [Johnson] to the extent they affect his ability to place the petition before the city council and ultimately on the ballot."  This logic, though perhaps initially appealing, essentially states that Russ's conduct did not violate Johnson's First Amendment rights.  That is, the majority essentially finds that the First Amendment's scope is narrower than Johnson asserts.  Whether that is an accurate statement of the law aside, it is certainly

not a determination to be made under the guise of a dismissal on standing grounds for lack of subject-matter jurisdiction.  The Supreme Court has cautioned against passing on the merits of a case through a determination of lack of jurisdiction: "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)); *see also Bell v. Hood*, 327 U.S. 678, 684–85 (1946) (holding jurisdiction existed where "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another").  And, as the Supreme Court further stated, "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Steel Co.*, 523 U.S. at 89.

Properly considered, the injury-in-fact analysis for Johnson's First Amendment claim is simple.  The standard injury-in-fact analysis required by *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) makes quick work of the injury-in-fact requirement:  Where "the plaintiff is himself an object of the action (or forgone action) at issue," "there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  Stated another way, "the requirement of standing 'focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.'" *Valley Forge Christian Coll. v. Americans*

No. 17-50970

*United for Separation of Church & State, Inc.*, 454 U.S. 464, 484 (1982) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)).  Johnson claims that Russ interfered with his constitutional right to petition the government by mishandling his initiative petition, and the Supreme Court has expressly recognized that initiative petitions enjoy protection from government interference under the First Amendment and circulation of an initiative petition is "an area in which the importance of First Amendment protections is at its zenith."  *Meyer v. Grant*, 486 U.S. 414, 421–24 (1988) (internal quotation marks omitted) (finding unconstitutional a Colorado law prohibiting payments to petition circulators as infringing on First Amendment protections).  I submit that, based on this claimed violation, Johnson easily demonstrates a sufficiently concrete and particular injury-in-fact.

For these reasons, I respectfully dissent.