# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20226

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2025

Lyle W. Cayce
Clerk

Richard Allen Paz,

*Plaintiff—Appellant*,

*versus*

Constable Precinct 4 Kenneth Hayden; Constable
Precinct 4, Name Unknown; Constable Precinct 4, Name
Unknown; Constable Precinct 4, Name Unknown;
Constable Precinct 4, Name Unknown; Deputy Rickey
Ford; Deputy Ronald Hamlet; Deputy Christopher
Taylor,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1898

————————————————————

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

The petition for rehearing en banc is DENIED.  Our panel issues a
revised opinion.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20226

Richard Paz sued several police officers following an allegedly illegal search. The officers asserted qualified immunity in their motion for summary judgment. By failing to respond, Paz did not carry his burden of negating qualified immunity. We thus AFFIRM the district court, although we modify the dismissal of the requested injunction to reflect that it is without prejudice.

## I.    Background

Because this case comes to us on the officers' motion for summary judgment, we recite the facts in the light most favorable to Paz. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

After receiving a tip regarding the purported location of a felon named Callie, police officers decided to pay Callie a visit. The tipster told officers that Callie was in a house where Paz rented a room. Armed with an arrest warrant, the officers arrived at the house and took position around the property. Paz and his housemate heard a noise outside, so they opened the side door and saw officers prying wooden slats off the fence surrounding the backyard. Paz asserts that the officers lied about seeing a shotgun in the house to justify the entry into the backyard.[1] With guns drawn, the officers ordered Paz out of the house and asked where Callie was. Paz denied knowing a Callie. The officers then asked Paz if the cameras on the property worked; Paz said yes, and then the officers took down the cameras pursuant

---

[1] The officers present evidence that, through a broken slat in the fence, they saw a man sitting just inside the open side door with a shotgun next to him. Then, after seeing him near the gun, they pried slats off the fence. This evidence conflicts with Paz's evidence that he heard a noise outside, then opened the door to see the officers prying slats off the fence. In other words, there is a genuine issue of fact as to whether the officers saw the gun before prying slats off the fence. Because this appeal comes to us on the officers' motion for summary judgment, we assume Paz's evidence is accurate.

to a search warrant. After running Paz's fingerprints, the officers learned that Paz had outstanding arrest warrants, so the officers arrested him.

Paz sued the officers for the allegedly illegal search, seeking compensatory, punitive, and nominal damages, as well as injunctive relief. The officers filed a motion for summary judgment, asserting qualified immunity. Paz did not respond to the motion. The district court granted summary judgment, concluding that "[w]hile fact questions exist as to whether the search was valid, the defendants are entitled to summary judgment on [the illegal search] claim because Paz has not show[n] that he suffered a cognizable injury as a result of the search."[2] Paz appeals.

## II.    Standard of Review

We review summary judgments de novo. *Louisiana ex rel. La. Dep't of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 878 (5th Cir. 2023).

## III.    Standing

The extent to which the district court's dismissal rested on standing instead of the merits is debatable;[3] regardless, we must independently assure

---

[2] The district court also adjudged other claims, but Paz appeals only the illegal search claim.

[3] The district court dismissed the illegal search claim "because Paz ha[d] not show[n] that he suffered a cognizable injury as a result of the search," suggesting that its analysis rested on standing. The district court also dismissed Paz's request for property damage, concluding that Paz did not have standing to seek compensation for the harm to the house or fence given that Paz had no duty to fix the damage. However, the district court dismissed all claims with prejudice, even though dismissal for lack of standing should be without prejudice. *See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (en banc) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." (quotation omitted)).

No. 24-20226

ourselves of our jurisdiction. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002). A plaintiff must demonstrate three elements to establish standing: injury in fact, traceability, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

A plaintiff has standing if he alleges a violation of a constitutional right that, if proved, would entitle him to at least nominal damages. *Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir. 1986); *see also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988) ("[A] party who proves a violation of his constitutional rights is entitled to nominal damages even when there is no actual injury."). Intangible harms, like illegal searches, can be concrete injuries sufficient to confer standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) ("Various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. . . . And those traditional harms may also include harms specified by the Constitution itself."). Illegal searches have long been recognized as a legal harm sufficiently concrete under Article III. *See id. See generally United States v. Jones*, 565 U.S. 400, 405 (2012) ("[O]ur Fourth Amendment jurisprudence was tied to common-law trespass, at least until the latter half of the 20th century.").[4] We thus conclude that Paz has standing to pursue his claim of an illegal search.

_____

[4] In evaluating standing, we are careful to avoid conflating the issue of redressability for standing with whether Paz would ultimately establish damages at trial. *See Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 800 (2015) ("[O]ne must not 'confus[e] weakness on the merits with absence of Article III standing.'" (second alteration in original) (quotation omitted)). This is especially so for a fact-intensive issue typically left to the jury, such as damages. *See Greyhound Corp. v. Dewey*, 240 F.2d 899, 904 (5th Cir. 1957). Accordingly, Paz has standing to pursue his damages claims. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021) ("[A] request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a

## IV.    Qualified Immunity

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We view the facts in the light most favorable to Paz and draw all reasonable inferences in his favor. *Scott*, 550 U.S. at 378.

The district court did not consider qualified immunity, but we may affirm on any basis supported by the record. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). "Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Once a defendant asserts qualified immunity, "[t]he plaintiff bears the burden of negating qualified immunity." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Paz must meet two requirements: First, he must show that, viewing the facts in the light most favorable to him, the officers violated a federal right. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam). Second, he must show that the right "was clearly established at the time of the violation." *Id.* at 656 (internal quotation marks and citation omitted).

---

completed violation of a legal right."); *Villanueva v. George*, 659 F.2d 851, 855 (8th Cir. 1981) (en banc) ("[V]iolations of certain substantive constitutional rights are redressible by substantial compensatory awards independent of actual injury."); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) ("Just as nominal damages are allowed without proof of injury, 'a punitive award may stand in the absence of actual damages where there has been a constitutional violation.'" (quotation omitted)); *Creamer v. Porter*, 754 F.2d 1311, 1320 (5th Cir. 1985) (affirming award of punitive damages for illegal search); FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES) § 10.13 (2020) (permitting emotional distress damages in § 1983 actions). However, because Paz does not present evidence that the officers will continue to engage in the conduct underlying this suit, Paz does not have standing to seek injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). We thus dismiss that requested relief without prejudice.

No. 24-20226

Paz did not respond to the officers' motion for summary judgment, including their assertion of qualified immunity. While he is correct that summary judgment cannot be granted for failure to respond, *see Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition . . . ."), we do not hold that the officers' motion should be granted solely for Paz's failure to respond. Rather, we conclude that the motion should be granted because, after the officers raised and briefed qualified immunity, Paz failed to meet his burden to defeat the defense. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). He did not point to evidence establishing "a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (quotation omitted). And we have discovered no case law that would have put the officers on notice that their conduct was definitively unlawful. *Cf. Elder v. Holloway*, 510 U.S. 510, 516 (1994) ("A court engaging in review of a qualified immunity judgment should . . . use its 'full knowledge of its own [and other relevant] precedents.'" (second alteration in original) (quotation omitted)). Because Paz did not meet his burden, we AFFIRM.

## V.    Conclusion

For the reasons above, we modify dismissal of the requested injunctive relief to reflect that it is without prejudice, but we otherwise AFFIRM the district court.