**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2011

No. 10-30918

Lyle W. Cayce
Clerk

FRIENDS OF ST. FRANCES XAVIER CABRINI CHURCH,

Plaintiff - Appellant

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:

Friends of St. Frances Xavier Cabrini Church ("Friends of Cabrini Church") challenges the district court's grant of summary judgment in favor of the Federal Emergency Management Agency ("FEMA"). Because Friends of Cabrini Church lacks standing to bring its claims, we vacate the judgment of the district court and remand the case with instructions to dismiss for lack of standing.

No. 10-30918

## FACTS AND PROCEEDINGS

A.    Section 106 Review

Congress enacted the National Historic Preservation Act ("NHPA") to encourage historic preservation in the United States in federal and federally assisted projects.  16 U.S.C. §§ 470, *et seq.*  The NHPA does not require preservation of all historic properties, but does require justification for, and planning to reduce, harm to the properties.  36 C.F.R. § 800.6.  When a government agency receives an application for a federally assisted project – one in which federal funds will be used – it evaluates the project to determine if the project will be an "undertaking" with "the potential to cause effects on historic properties."  36 C.F.R. § 800.3(a).  Assuming the undertaking might affect historic properties, the agency begins the four-step review process mandated under section 106 of the NHPA.

Agencies begin section 106 review by defining the "area of potential effects" ("APE"), which is the area where federally-funded activity will take place.  36 C.F.R. §§ 800.4(a), 800.16(d).  The agency evaluates the APE for historic value by identifying which properties or buildings in the APE are listed or eligible to be listed in the National Register of Historic Places ("National Register").  36 C.F.R. § 800.4(c).  If there are historic properties in the APE, the agency must determine how the undertaking might affect these properties.  36 C.F.R. § 800.5.  If the agency finds that there will be "no adverse effect," and the Advisory Council on Historic Preservation ("ACHP") concurs, review ends.  36 C.F.R. § 800.5(d).  If historic properties are likely to be adversely affected, the agency begins consultation with outside parties and the State Historic Preservation Office ("SHPO") to look for "alternatives or modifications to the

No. 10-30918

undertaking that could avoid, minimize, or mitigate adverse effects on historic properties." 36 C.F.R. § 800.6(a).  The ACHP has discretion to enter the section 106 process to ensure that the NHPA's historic preservation objectives are accomplished.  36 C.F.R. § 800.2(b).

B.     Friends of Cabrini Church

Friends of Cabrini Church is a nonprofit, unincorporated association dedicated to protecting, preserving, and maintaining the historic and architecturally significant St. Frances Xavier Cabrini Roman Catholic Church ("Cabrini Church").  The association comprises many individuals who are current and former parishioners of Cabrini Church, alumni of  St. Frances Xavier Cabrini and Redeemer School ("Cabrini School"), preservationists, architects, and other interested citizens, neighbors, and residents who use, enjoy, and derive aesthetic, architectural, cultural, social, historic, and spiritual values and benefits from Cabrini Church.

C.     History

Holy Cross School ("Holy Cross") is an all-boys parochial school for 5th-12th grades.   Prior to Hurricanes Katrina and Rita in 2005, Holy Cross was located in New Orleans' Lower Ninth Ward in the Holy Cross Historic District, a National Register Historic District.  Cabrini Church and Cabrini School were located in the Gentilly neighborhood of New Orleans. Cabrini Church's unique design made it eligible for the National Register.  Holy Cross, Cabrini Church, and Cabrini School all sustained severe damage from the hurricanes.  The Roman Catholic Church of the Archdiocese of New Orleans ("Archdiocese")  and the Congregation of Cabrini Church own and operate both Cabrini Church and Cabrini School.

No. 10-30918

FEMA's Public Assistance Grant Program ("Public Assistance") provides funding programs to assist in repair, restoration, relocation, and reconstruction of nonprofit and educational facilities destroyed in disasters. In the aftermath of the hurricanes, Holy Cross applied for, and FEMA granted, Public Assistance funds to construct a new school campus on the site of Cabrini Church and Cabrini School in Gentilly to replace its old campus some six miles away in the Lower Ninth Ward. FEMA determined that Holy Cross was eligible for the funds, but that the project would potentially affect historic properties. This determination required FEMA to comply with the section 106 review process.

D.    Section 106 Review at Historic Cabrini Church (Gentilly)

In the fall of 2006, the Archdiocese and Holy Cross began planning the demolition of Cabrini Church and relocation of Holy Cross. Holy Cross submitted an application for FEMA funding to move its campus to Cabrini Church's Gentilly site in January of 2007. The application did not discuss or propose plans for the old campus in the Lower Ninth Ward. Friends of Cabrini Church, along with the ACHP, asked FEMA to include the old Holy Cross campus in the APE of the undertaking because there were reasonably foreseeable potential effects to the Lower Ninth Ward neighborhood and campus. However, because of the uncertainty about Holy Cross's plans for the old campus, FEMA and the SHPO chose to exclude the old Holy Cross campus from the section 106 review and limited the APE to the Gentilly campus. 36 C.F.R. § 800.4(a)(1). FEMA planned to decide whether the old campus would require section 106 review when Holy Cross submitted proposed project plans for the old campus. FEMA called this independent review of the two properties the "phased approach." The SHPO, ACHP, and other signatory parties approved FEMA's

No. 10-30918

phased approach and executed a Memorandum of Agreement ("MOA") which specified contractual requirements that FEMA and Holy Cross would have to meet in relocating the school. The MOA incorporated FEMA's phased approach to section 106 review at the two properties.

FEMA determined that funding the relocation of Holy Cross was an undertaking with the potential to affect historic properties, specifically Cabrini Church, which was eligible for listing in the National Register. Because Cabrini Church was an historic property, FEMA notified and sought input from outside parties on the undertaking's effects. In early 2007, during consultations with SHPO, FEMA was informed that the Archdiocese planned to demolish Cabrini Church to facilitate Holy Cross's relocation. At this point, FEMA and the SHPO sought public participation in the section 106 review process.

Local government officials and the public were involved in the evaluation of effects to historic properties from the undertaking. FEMA held five public meetings on February 7, 15, and 26, and on March 5 and 16, 2007. Many interested parties attended these meetings including the Congregation of Cabrini Church, the St. Frances Xavier Cabrini Parish Council, the National Trust for Historic Preservation, the City of New Orleans City Council, and Friends of Cabrini Church.

FEMA and these parties agreed to develop and evaluate alternatives to avoid, minimize, or mitigate adverse effects of the undertaking. The MOA outlined measures to address adverse effects on Cabrini Church including archiving historic church records and reusing architectural features from the church at other locations. After salvaging numerous historically significant

No. 10-30918

objects, the Archdiocese of New Orleans demolished Cabrini Church on June 5, 2007. This demolition was part of the approved MOA.

In May of 2007, the Holy Cross Neighborhood Association submitted a letter requesting that FEMA reopen the section 106 review at the Gentilly property to concurrently consider the historic preservation impact on the Holy Cross Historic District. Six weeks later, after the demolition of Cabrini Church, FEMA replied to this letter reiterating that the MOA "acknowledged the need for section 106 review of the existing Holy Cross campus" if Holy Cross seeks FEMA funding in the future.

E.     Section 106 Review at Holy Cross (Lower Ninth Ward)

In late 2007, Holy Cross notified FEMA of its intention to "mothball" all structures at the old Holy Cross site. At that time, FEMA consulted with the SHPO to decide whether any individual structures at the old campus were National Register-eligible or whether they contributed to the Holy Cross Historic District. FEMA and SHPO determined that only the old Holy Cross administration building was National Register-eligible. The remaining buildings were "non-contributing elements to the [Holy Cross] historic district as they were built after the historic district's period of significance." Because the proposed work on the old campus included "no ground disturbing activities associated with the mothballing of the buildings at Holy Cross School," FEMA determined that there would be "No Adverse Effect on historic properties as a result of the Undertaking." The SHPO concurred in this determination.

Following FEMA's "No Adverse Effect" determination, Holy Cross sought to add demolition and removal of seven structures as well as "mothballing" of the administration building to the proposed undertaking. After renewed

6

consultations with the SHPO, FEMA again approved the additions because they would result in "No Adverse Effect to historic properties." The "No Adverse Effect" determination was based on the facts that: (1) none of the buildings in question were individually eligible for listing in the National Register nor did they contribute to the Historic District; (2) there was no reconstruction proposed in the undertaking, only demolition and slab removal; and (3) FEMA restricted the scope of ground disturbance activities at the site. While urging caution during demolition due to the proximity of the Administration Building, the SHPO concurred with FEMA's "No Adverse Effect" determination and approved the project on June 5, 2008.

F.　　Proceedings Below

Friends of Cabrini Church filed a complaint against FEMA in April 2007 alleging, *inter alia*, that the section 106 review process was deficient because FEMA (1) did not include the Lower Ninth Ward property in the APE for the undertaking in Gentilly; (2) did not include all the necessary consulting parties; and (3) violated section 110 of the NHPA by not fully considering historic preservation when funding projects. Friends of Cabrini Church later amended its complaint to add allegations that (1) FEMA failed to provide required status reports to interested parties and (2) there was no proper section 106 review for the old Holy Cross campus.

In March of 2010, Friends of Cabrini Church sought summary judgment on each of these allegations. FEMA filed a cross motion for summary judgment alleging, *inter alia*, that its phased approach was reasonable, that it included the appropriate parties in the consultations, that the consultations were sufficient, that it properly considered the Holy Cross Neighborhood Association's objections,

No. 10-30918

that its behavior at the old Holy Cross campus was reasonable, and that it considers historic properties in approving undertakings. The district court granted FEMA summary judgment on all claims. This timely appeal followed.

## DISCUSSION

Before addressing the merits, this court must ensure that Friends of Cabrini Church has standing to raise its claims. *United States v. Johnson*, 632 F.3d 912, 918 (5th Cir. 2011). The district court need not have addressed standing for this court to ensure its jurisdiction.[1] *James v. City of Dallas*, 254 F.3d 551, 562 (5th Cir. 2001).

FEMA contends that Friends of Cabrini Church lacks standing to assert claims related to the old Holy Cross campus in the Lower Ninth Ward. FEMA specifically argues that Friends of Cabrini Church lacks a geographical nexus to the Lower Ninth Ward and a direct stake in injuries to the Holy Cross Neighborhood Association. Friends of Cabrini Church counters that some party should be able to challenge FEMA's actions.[2] At oral argument, Friends of

---

[1] FEMA questioned whether Friends of Cabrini Church had standing to bring its claims in filings with the district court, but the district court ruled on other grounds.

[2] Both parties and the district court assume, under this court's decision in Bywater Neighborhood Association v. Tricarico, 879 F.2d 165, 167 (5th Cir. 1989), that the NHPA gives Friends of St. Francis Xavier Cabrini a private right of action to enforce the NHPA itself outside the APA review process. See also Vieux Carre Prop. Owners v. Brown, 875 F.2d 453, 457-58 (5th Cir. 1989) (same). Although we are bound by the Bywater and Vieux Carre courts, we note that the Supreme Court's recent jurisprudence casts serious doubt on the continued viability of the private right of action under the NHPA. See San Carlos Apache Tribe v. United States, 417 F.3d 1091 (9th Cir. 2005) (relying on Alexander v. Sandoval, 532 U.S. 275 (2001) to find that there is no private right of action under the NHPA); see also Karst Envtl. Educ. and Prot., Inc. v. EPA, 475 F.3d 1291, 425 (D.C. Cir. 2007) (same).

No. 10-30918

Cabrini Church further argued that it was harmed by alleged deficiencies in the section 106 process.

Standing is a question of law reviewed *de novo* by this court. *Id.* at 562. "Article III standing, at its irreducible constitutional minimum, requires Plaintiffs to demonstrate: they have suffered an injury in fact; the injury is fairly traceable to the defendant's actions; and the injury will likely . . . be redressed by a favorable decision." *Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001) (internal quotation marks omitted). Here, we need only consider the first standing requirement: injury in fact.

"The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983) (internal quotation marks omitted). Unless a party seeking a remedy can show direct injury, this court will deny standing. In considering standing, this court proceeds on a claim-by-claim basis. *James*, 254 F.3d at 563.

1.    Standing for Activities in the Lower Ninth Ward

Friends of Cabrini Church alleges injury resulting from FEMA's neglected historic preservation review at the old Holy Cross property in the Lower Ninth Ward. It argues that FEMA should have included the old Holy Cross campus in the APE and that the old Holy Cross campus did not receive independent section 106 review. While deficiencies in the preparation of impact statements may cause sufficient injury for standing, this court requires that parties complaining of such deficiencies must have a sufficient "geographical nexus" to the property

in question. *See Sabine River Auth. v. U.S. Dep't of Interior*, 951 F.2d 669, 674 (5th Cir. 1992) (to have standing to challenge an Environmental Impact Statement, a party must sufficiently be connected to the location in question). While no specific distance is dispositive with respect to a geographical nexus, unless a party is close enough to the location in question "that they can expect to suffer whatever [historic preservation] consequences the project may have," this court does not recognize standing.[3] *Id.* (alterations omitted); *see also Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) ("The plaintiffs in some of those cases had standing because they lived . . . near where the federal action would occur and would feel the . . . effects of that action if it went forward."); *Pye v. United States*, 269 F.3d 459, 467 (4th Cir. 2001) ("[a]djacent landowners often have standing to challenge the government's failure to follow statutorily prescribed procedures so long as this failure impairs a separate concrete interest of the plaintiff."); *Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 176 (3d Cir. 2000) ("[I]t is clear that the Residents are alleging injury to a legally protected interest–that of maintaining the environmental and historic quality of their neighborhood" because the regulatory scheme is "intended to protect those persons who would be most directly affected by a project."); *Tyler v. Cuomo*, 236 F.3d 1124, 1132 (9th Cir. 2000) (finding standing where the plaintiff's nearby historic properties were in danger of being damaged). The Third Circuit has specifically recognized that parties in close proximity to a federal project

---

[3] The D.C. Circuit has explained that "geographic proximity does not, in and of itself, confer standing on any entity under NEPA or any other statute. Rather, it is the concrete and particularized injury which has occurred or is imminent *due to* geographic proximity to the action challenged that gives rise to Article III standing." *See City of Olmsted Falls v. FAA*, 292 F.3d 261, 267 (D.C. Cir. 2002). Friends of Cabrini Church has not identified any concrete injury *"due to* geographic proximity" to the Cabrini Church site.

have a "qualitatively different" and "far more immediate and focused" interest than residents from a more distant part of the same city. *Soc'y Hill*, 210 F.3d at 177. Because Friends of Cabrini Church exists to protect a property in the Gentilly neighborhood of New Orleans some six miles away from the old Holy Cross campus in the Lower Ninth Ward, we hold that Friends of Cabrini Church lacks a sufficient "geographical nexus" to the old Holy Cross property to maintain its claims that FEMA should have included the old Holy Cross campus in the APE and that the section 106 review at the old Holy Cross campus was insufficient.

2.      Standing for Deficiencies in the Review Process

Friends of Cabrini Church alleges that FEMA excluded "interested parties," especially the Holy Cross Neighborhood Association, in the Lower Ninth Ward from section 106 consultations and that FEMA did not adequately respond to, and even ignored, the historic preservation concerns of these parties. Friends of Cabrini Church does not allege either its own exclusion from consulting party status or FEMA's failure to respond to Friends of Cabrini Church's historic preservation concerns.[4] Instead, Friends of Cabrini Church alleges a generalized injury resulting from FEMA's failure to follow the section 106 process for addressing public objections.

The Supreme Court has rejected standing for parties alleging procedural deficiencies without any tangible personal injury beyond "his and every citizen's interest in proper application of the Constitution and laws." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992). Under *Lujan*, a party must show concrete

---

[4] Friends of Cabrini Church participated in the section 106 review process.

No. 10-30918

injury to his own interests which stem from the government's failure to follow procedures. "[I]t is clear that in suits against the Government, at least, the concrete injury requirement must remain." *Id.* at 578. Friends of Cabrini Church claims that "FEMA did nothing to comply with the terms of the MOA relating to [the Holy Cross Neighborhood Association's] public objections" and, because of this failure, FEMA "remains in violation of the MOA and the NHPA" to this day. Beyond these procedural defects, Friends of Cabrini Church can point to no concrete injury it directly suffered or was likely to suffer because of the Holy Cross Neighborhood Association's alleged exclusion from the section 106 process. *See Lyons*, 461 U.S. at 101-02. Consequently, we hold that Friends of Cabrini Church has not alleged a constitutionally cognizable injury and thus lacks standing to sue for FEMA's deficiencies in responding to public objections.

3.     Standing to Challenge FEMA's Public Assistance Program

Friends of Cabrini Church contends that FEMA's Public Assistance Program fails to consider the effects of authorized activity on historic properties in violation of section 110 of the National Historic Preservation Act. *See* 16 U.S.C. § 470h-2(a)(2)(C) (requiring agencies to establish preservation programs ensuring "that the preservation of properties not under the jurisdiction or control of the agency, but subject to be potentially affected by agency actions are given full consideration in planning"). Specifically, Friends of Cabrini Church alleges that the Public Assistance program does not encourage retention and appropriate use of historic properties. Instead, FEMA allows parties to apply for assistance after an old property is damaged and use the money to fund projects at a new property. Friends of Cabrini Church alleges that the Public Assistance funds awarded for damage to the historic properties in the Lower Ninth Ward

12

were used to build a new campus at the Gentilly site.  The harms Friends of Cabrini raises are linked to the old Holy Cross campus and not to Gentilly.

As discussed above, Friends of Cabrini Church lacks a geographical nexus to the old Holy Cross campus.  Because Friends of Cabrini Church's allegations regarding FEMA's Public Assistance program are tied to the Lower Ninth Ward, we hold that Friends of Cabrini Church lacks standing to maintain this claim.

## CONCLUSION

Because Friends of Cabrini Church lacks standing to raise its claims, we VACATE the judgment of the district court and REMAND the case with instructions to DISMISS for lack of standing.