# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2011

Lyle W. Cayce
Clerk

No. 11-60289
Summary Calendar

ATLANTIC SOUNDING COMPANY, INCORPORATED,

Plaintiff-Appellee

v.

JIMMIE VICKERS,

Defendant-Counter Claimant -Appellant

WEEKS MARINE, INCORPORATED,

Counter Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-346

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jimmie Vickers appeals the district court's declaratory judgment in favor of Atlantic Sounding Company, Incorporated (Atlantic). According to the district court's judgment, Vickers was injured as a seaman in Atlantic's employ and had already received all the maintenance and cure to which he was entitled.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60289

Vickers maintains that he was employed by Weeks Marine, Incorporated (Weeks), Atlantic's parent company.  He thus contends that Atlantic had no standing to bring the instant action.  For Atlantic to have had standing to bring this action, Atlantic must have suffered an injury in fact that is fairly traceable to the defendant's actions and that would likely be redressed by a favorable decision. *Friends of St. Frances Xavier Cabrini Church v. Fed. Emergency Mgmt. Agency*, 658 F.3d 460, 466 (5th Cir. 2011).  The district court's finding that Vickers was working for Atlantic at the time of his accident and injury is supported by the evidence introduced at trial and is not clearly erroneous. *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006).  Further, there was evidence at trial that Atlantic issued Vickers's paychecks and was responsible for paying Vickers's maintenance and cure.  Accordingly, Atlantic suffered an injury in fact and the district court's implicit legal conclusion that Atlantic had standing was not erroneous. *See Friends of St. Frances*, 658 F.3d at 466.

Vickers filed counterclaims against Atlantic and Weeks seeking the award of maintenance and cure.  Finding that Vickers had already received the maintenance and cure to which he was entitled, the district court dismissed Vickers's counterclaims with prejudice. Vickers makes no argument on appeal with respect to the dismissal of his counterclaims.  Accordingly, he has abandoned the issue on appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's judgment is, in all respects, AFFIRMED.