# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2013

Lyle W. Cayce
Clerk

No. 12-50114
Summary Calendar

MARVIN L. BROWN,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, In his individual and official capacity as the director of the Texas Department of Criminal Justice; STUART JENKINS, in his individual and official capacity as the director of the Texas Department of Criminal Justice Parole Division; RISSI OWENS, Individually and in her official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; CHARLES AYCOCK, Individually and in his official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; CONRITH DAVIS, Individually and in his official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; JACKIE DENOYELLES, Individually and in her official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; JUANITA M. GONZALEZ, Individually and in her official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; DAVID G. GUTIERREZ, Individually and in his official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; THOMAS A. LEEPER, Individually and in his official capacity as an executive officer of the Texas Department of Criminal Justice Division Board of Pardons and Paroles; RICK PERRY, In his official capacity as the Governor of Texas,

Defendants-Appellees

No. 12-50114

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-811

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Marvin Brown is a Texas prisoner currently on mandatory supervised release. He appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint, wherein he attempted to challenge the imposition of more restrictive supervised release conditions. The district court held that Brown lacked standing to assert his challenge because his claimed injury under procedural due process was speculative and hypothetical. We AFFIRM.

I.

Brown was convicted in 1985 of sexual assault of a child and indecency with a child and sentenced to 40 years in prison. He was released to mandatory supervision in 1999 and placed in the Superintensive Supervision Program (SISP), which included electronic monitoring. The Texas Board of Pardons and Paroles (Parole Board) removed Brown from SISP and electronic monitoring in 2007, although Brown remained on supervised release. Brown alleged that in 2010 his parole officer informed him that the Parole Board would reinstitute the restrictive SISP and electronic monitoring conditions of his supervision. These restrictive conditions were allegedly to be implemented pursuant to the Governor's new policy initiative to place all high risk sex offenders back on electronic monitoring.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50114

Brown filed a § 1983 suit against the Governor and various officials of the Parole Board and the Texas Department of Criminal Justice Parole Division (Parole Division).   Brown alleged that his placement back on electronic monitoring would interfere with a state-created liberty interest in less restrictive monitoring, and that the implementation of the new policy violated procedural due process.  He further alleged that the policy would interfere with his health care and therefore violated the Eighth Amendment's prohibition of cruel and unusual punishment.  Brown moved concurrently for a preliminary injunction to prevent the Parole Board from imposing the more restrictive monitoring conditions without due process.

At a hearing on the preliminary injunction motion, testimony showed that the Parole Board had issued a new condition for supervised release, known as "condition O.58," for GPS monitoring of high risk sex offenders.  Although a form of electronic monitoring, condition O.58 was not the same as SISP or the electronic monitoring used in the SISP.  Brown was among the class of offenders who could potentially be subject to condition O.58.  The testimony also showed, however, that the Parole Board had not yet adopted written policies governing the application of the condition and had not fully implemented the condition.  Instead, approximately 250 offenders who were already being monitored electronically were "rolled over" into the new condition.   There were approximately 562 other offenders, including Brown, who could be considered for the condition at some point, but the Parole Board would first have to vote on each offender.  Testimony showed that the condition had not been imposed on Brown, that the Parole Board had not considered Brown's case, and that it was unknown whether or when the Parole Board might consider it.

The district court denied Brown's motion for an injunction because Brown's claimed injury—the imposition of condition O.58—was not actual and imminent.  Rather, Brown was merely one of many offenders upon whom the

3

condition *might* be imposed. The court reasoned that Brown's claim improperly relied upon a series of hypothetical and speculative contingencies.

Following the denial of the injunction, Brown moved for leave to amend his complaint. His amended complaint sought to assert claims only for declaratory, rather than injunctive, relief. Meanwhile, the defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Brown lacked standing because he had not suffered an injury and his claim of a future injury was conjectural. In support of their argument, the defendants relied on the testimony and evidence presented at the preliminary injunction hearing. They also attached to their motion an affidavit from Christina Propes, the Section Director, Review and Release Processing, at the Parole Division. Propes averred that Brown does not currently have a special condition of electronic monitoring or SISP, and that Brown is not on any list to request imposition of those conditions.

The district court granted the defendants' motion, denied Brown leave to amend the complaint, and dismissed the case. The court held that Brown had not suffered an actual injury, that he failed to show imposition of the special parole conditions was imminent, and that his liberty remained unaffected. Brown now appeals.

## II.

On appeal, Brown continues to challenge the purported imposition by the Parole Board of more restrictive release conditions without notice and an opportunity to be heard. He contends that he has sufficiently demonstrated standing to proceed.

Standing is a question of law that we review de novo. *Friends of St. Frances Xavier Cabrini Church v. Federal Emergency Mgmt. Agency*, 658 F.3d 460, 466 (5th Cir. 2011). Constitutional standing requires that the plaintiff show an injury in fact that is traceable to the defendant's conduct and that the

injury is likely to be redressed by the court. *See In re Mirant Corp.*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992)). An "injury in fact" is one that is "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136 (internal quotations and citations omitted).

Brown contends that he presented sufficient evidence of a threatened injury to demonstrate standing because the defendants admitted at the preliminary injunction hearing (1) that he meets the qualifications for the imposition of electronic monitoring and (2) that his name has been submitted to the Parole Board to be placed under the new policy. Brown relies in part on testimony from Stuart Jenkins, the director of the Parole Division, and on newspaper articles he entered into evidence reporting on TDCJ's use of grant money to establish electronic monitoring of sex offenders.

Contrary to Brown's assertions, Jenkins did not admit that condition O.58 would be imposed on Brown. The testimony showed only that Brown was among the class of offenders upon whom the condition might apply at some time in the future. Brown merely assumes that because he meets the general qualifications for the condition, it will be imposed upon him. Testimony showed, however, that the Parole Board must vote to impose the condition. Stuart testified that no decision had been made or was imminent in Brown's case. Stuart had "no idea" when Brown's case might be considered. He further testified that the Board had already declined to impose the condition on some offenders identified as high risk. Thus, Brown's purported high-risk status does not necessarily mean the condition will be imposed. Moreover, Troy Fox, the administrator for the Parole Board, testified that as part of its evaluation the Board would take into consideration the fact that Brown had been successfully released to mandatory supervision since 1999 and had been off monitoring since 2007. Finally, the

affidavit from Propes confirmed that Brown is not currently on a list to request electronic monitoring. In light of this evidence, we agree with the district court's conclusion that Brown's claimed injury remains hypothetical and conjectural. Accordingly, he has not shown a concrete injury as required for standing, nor has he shown that his claims are ripe for review. *See Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136; *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).

Brown raises additional arguments about the district court's dismissal of his suit. He argues first that the district court erroneously considered matters outside of the pleadings without converting the motion for dismissal into a motion for summary judgment, and that the court failed to afford him an opportunity for further discovery pursuant to Federal Rule of Civil Procedure 56. When the district court considered the evidence presented at the preliminary injunction hearing and the affidavit from Christina Propes, the district court thereby converted the motion to dismiss into a summary judgment motion, and we therefore review the court's dismissal as a grant of summary judgment. *McIntosh v. Partridge*, 540 F.3d 315, 326 (5th Cir. 2008); *see also* Fed. R. Civ. P. 12(d). Brown does not demonstrate a lack of notice or prejudice from the district court's treatment of the motion, as Brown even argued in his response that it was actually a summary judgment motion, and he contested the record evidence upon which the defendants relied. *See Bossard v. Exxon Corp.*, 559 F.2d 1040, 1041 (5th Cir. 1977). As noted above, the evidence from the preliminary injunction hearing showed that Brown was not facing an imminent injury of placement back on electronic monitoring, and the Propes affidavit confirmed that fact.

Brown's assertion that he should have been given an opportunity for further discovery prior to the district court's ruling is unavailing. His right to discovery under Rule 56 was not unlimited, and he bore the burden of showing that he could not adequately defend against the summary judgment motion

without a continuance as permitted by Rule 56(d).[1] *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). In his district court pleadings, Brown requested a hearing or discovery in order to obtain any "facts and evidence" that might have developed in the interim following the preliminary injunction hearing. Even assuming this was a sufficient request for a continuance, Brown did not file an affidavit as required by the rule, nor did he otherwise aver any facts demonstrating a need for a continuance or resulting prejudice without a continuance. *See id.*; *see also Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) (stating that issue of inadequate discovery is waived when nonmovant fails "to file a motion for a continuance with an attached affidavit stating why the party cannot present by affidavit facts essential to justify the party's opposition"). On appeal, he argues that discovery might have revealed the updated status of the defendants' planned implementation of condition O.58, but his assertions are conclusory and his claimed injury remains speculative and conjectural. *See Washington*, 901 F.2d at 1285 ("The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."). We therefore find no abuse of discretion by the district court. *See Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 469 (5th Cir. 2009) ("[A] district court's discretion in discovery matters will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." (internal quotation and citation omitted)); *Access Telecom*, 197 F.3d at 720.

Brown also argues that the district court erroneously denied him leave to amend his complaint. We agree with the district court that Brown's proposed amended complaint was substantially similar to his original complaint, although the request for declaratory relief in the amended complaint was more detailed.

---

[1] Rule 56(d), which was amended in 2010, contains substantially the same provisions of former Rule 56(f). *See* Fed. R. Civ. P. 56 advisory committee notes.

No. 12-50114

Because Brown's claimed injury remained speculative, however, the amendment would have been futile, and therefore the district court did not abuse its discretion. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) ("[T]he proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing [plaintiff] to amend the complaint would be futile.").

## III.

Brown's fear that he may be placed on more restrictive monitoring is certainly understandable. According to the complaint, Brown is 61 years old; suffers from multiple health issues, including coronary artery disease, diabetes, and renal failure; is considered one-hundred percent disabled by the Social Security Administration; and has been hospitalized numerous times. He also has an emergency home health care alert system that apparently would have to be disabled in the event he is placed on electronic monitoring. Furthermore, Brown has thus far complied with all of his supervised release terms without incident, has been off of electronic minoring since 2007, and has submitted evidence from his therapist showing that he has a very low risk of re-offending. Brown appears to be a model prisoner, and the state's resources could be better spent monitoring releasees of greater risk. Nevertheless, the issue is not whether the restrictive condition O.58 should be placed on Brown, but rather whether Brown has shown a substantial likelihood of injury at this time that affords him standing to maintain his suit. As explained above, we conclude that he has not.

AFFIRMED.