# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51153
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 13, 2015
Lyle W. Cayce
Clerk

RON VALENTINE,

Plaintiff–Appellant,

v.

STATE OF TEXAS,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-271

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Ron Valentine's 42 U.S.C. § 1983 complaint was dismissed on the ground that the favorable-termination rule articulated in *Heck v. Humphrey*[1] bars his suit. We do not reach this issue because we must dismiss Valentine's suit because he lacks standing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 512 U.S. 477 (1994).

No. 14-51153

## I

Valentine was convicted of disorderly conduct under Texas Penal Code § 42.01(a)(5), a provision that prohibits unreasonable noise in certain circumstances.[2]  Valentine appealed his conviction to the Seventh Court of Appeals of Texas, arguing, *inter alia*, that his right to free speech was violated.[3]  The Seventh Court of Appeals indicated that the First Amendment issue was not preserved for review, overruled Valentine's remaining issues, and affirmed the judgment.[4]  The Texas Court of Criminal Appeals refused Valentine's petition for discretionary review.[5]

Valentine then filed suit in federal district court under § 1983, seeking a declaratory judgment that his conviction violated the First Amendment and that the Texas state courts afforded him inadequate processes to raise his First Amendment defense.  Valentine attempted to proceed *in forma pauperis*, so a magistrate judge made recommendations on the merits of Valentine's claims pursuant to 28 U.S.C. § 1915(e).  The magistrate concluded that *Heck v. Humphrey*'s favorable-termination rule barred Valentine's suit.  The district court agreed and dismissed the case.  Valentine now appeals.

---

[2] TEX. PENAL CODE § 42.01(a)(5) provides:

> A person commits an offense if he intentionally or knowingly . . . makes unreasonable noise in a public place other than a sport shooting range, as defined by Section 250.001, Local Government Code, or in or near a private residence that he has no right to occupy.

[3] *Valentine v. State*, No. 07-12-0307-CR, 2013 WL 1800112, at *1 (Tex. App.—Amarillo Apr. 25, 2013, pet. ref'd) (mem. op., not designated for publication).

[4] *Id.* at *1-2.

[5] *In re Valentine*, No. PD-0836-13, 2014 Tex. Crim. App. LEXIS 11, at *1 (Tex. Crim. App. Jan. 15, 2014) (not designated for publication).

No. 14-51153

## II

A federal court must, when necessary, raise the issue of Article III standing *sua sponte*.[6] Article III standing requires a showing of "injury in fact, causation, and redressability."[7] We examine standing on a claim-by-claim basis; standing to bring a claim for damages does not confer standing to bring the case as a whole.[8]

Valentine requests only declaratory relief, seeking to establish that his conviction violated the First Amendment and that the Texas courts did not afford him adequate processes to raise his First Amendment defense. Even construing Valentine's *pro se* pleadings liberally,[9] he only seeks relief from his conviction, not prospective relief—i.e., relief from future applications of Texas Penal Code § 42.01(a)(5).

Valentine lacks standing because his suit does not meet the redressability requirement. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."[10] By itself, a declaration that Valentine's First Amendment rights were violated by his conviction will afford Valentine no remedy. Valentine does not seek damages,[11] so his only conceivable remedy

---

[6] *Ford v. NYLCare Health Plans of the Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002) (citing *SEC v. Forex Asset Mgmt., LLC*, 242 F.3d 325, 328 (5th Cir. 2001)).

[7] *Aransas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014) (per curiam) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)).

[8] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-10 (1983) (holding that although the plaintiff likely had standing to bring a claim for damages for excessive force, the plaintiff lacked standing to seek an injunction that would prohibit police from using the tactics at issue in the excessive-force claim).

[9] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[10] *Steel Co.*, 523 U.S. at 107.

[11] *Id.* at 103 (noting that redressability looks to the "likelihood that the *requested* relief will redress the alleged injury" (emphasis added)).

3

would be having his conviction invalidated. Valentine is not in custody, so we cannot construe his suit as a petition for writ of habeas corpus.[12] We have also held that a party cannot "use the Declaratory Judgment Act to appeal his criminal conviction."[13] Valentine's suit will not remedy any injury stemming from his conviction. Because Valentine's suit must be dismissed for lack of standing, we do not reach his argument that the district court misapplied *Heck*'s favorable-termination rule.

*    *    *

For the foregoing reasons, we VACATE the district court's judgment and REMAND for an entry of dismissal.[14]

---

[12] *See* 28 U.S.C. § 2254(a).

[13] *Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir. 1985); *cf.* 28 U.S.C. § 1257 (providing jurisdiction for the Supreme Court to review certain state-court judgments when a party petitions for writ of certiorari); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (holding that because of § 1257, the lower federal courts lack jurisdiction to review and reject "state-court judgments rendered before the district court proceedings commenced").

[14] *See Friends of St. Frances Xavier Cabrini Church v. FEMA*, 658 F.3d 460, 468 (5th Cir. 2011) (per curiam).