# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30521
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2024

Lyle W. Cayce
Clerk

Melanie Jerusalem,

*Plaintiff—Appellant*,

*versus*

Department of State Louisiana; R. Kyle Ardoin, *Secretary of State*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-516

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Appellant Melanie Jerusalem brought this case against the Department of State of Louisiana and the Secretary of State, contending that Louisiana's voting machines are subject to corruption. The district court *sua*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30521

*sponte* dismissed her claims for lack of subject matter jurisdiction. We AFFIRM.

## Background

Appellant Melanie Jerusalem filed this case in the Middle District of Louisiana on July 28, 2022. In August 2022, she filed an amended complaint, alleging that she "has not received justice in the matter of the 2020 election and has been forced to utilize the same uncertified voting machines [on multiple occasions]." Appellant further alleged that Louisiana's voting machines are not secure and are subject to tampering. Appellant brought suit under Louisiana election laws and Section 231(b) of the Help America Vote Act ("HAVA") and sought a declaratory judgment that the Defendants retain all election records.

On September 6, 2022, Appellees filed a motion to dismiss which Appellant opposed. On June 26, 2023, the Magistrate Judge issued her report, and recommended that the district judge *sua sponte* dismiss Appellant's complaint without prejudice for lack of subject matter jurisdiction because Appellant lacked standing. The district court adopted the report and recommendation of the Magistrate Judge and dismissed the case without prejudice. Jerusalem appealed.

## Standard of Review

The "court reviews a district court's grant of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction de novo[.]" *T.B. ex rel. Bell v. Northwest Indep. Sch. Dist.*, 980 F.3d 1047, 1050 (5th Cir. 2020) (citation omitted). "We take 'the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff.'" *Id.* at 1051 (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)).

No. 23-30521

## Discussion

To confer standing, a plaintiff in federal court must allege an actual case or controversy. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002) (citation omitted). For a federal court to assert jurisdiction, a plaintiff must have established that (1) they have suffered an "injury in fact" which is "concrete and particularized," and "actual or imminent," not conjectural or hypothetical; (2) a causal connection between the injury complained of, which must be fairly traceable to the challenged action of the defendant; and (3) a likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation amended) (internal quotations omitted). The district court did not err in dismissing Appellant's case for lack of subject matter jurisdiction as Appellant has failed to allege an injury in fact.

Appellant argues that she was injured because the voting machines in Louisiana are not certified, and the machines will diminish her voice and cause her irreparable harm. A "plaintiff seeking relief in federal court must [] demonstrate that he has 'a personal stake in the outcome, . . . distinct from a generally available grievance about government[.]'" *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018) (quoting *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) (internal citations and quotations omitted)). Further, Appellant has failed to allege actual and concrete harm that has or is certain to come to her because of Louisiana's use of these voting machines. "Unless a party seeking a remedy can show direct injury, this court will deny standing." *Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (finding that the four plaintiffs' claim "that drive-thru voting hurt the 'integrity' of the election process . . . was far too generalized to warrant standing.") (quoting *Friends of St. Frances Xavier Cabrini Church v. FEMA*, 658 F.3d 460, 466 (5th Cir. 2011)). Accordingly, the district court did not err in dismissing Appellant's claim for lack of subject matter jurisdiction.

No. 23-30521

## Conclusion

We AFFIRM the district court.